# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

GREGORY BOYD                                                                      PLAINTIFF

v.                                          CIVIL ACTION NO. 3:13-CV-P916-S

JACK CONWAY                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Gregory Boyd, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated at the Kentucky State Penitentiary (KSP), sues the Kentucky Attorney General, Jack Conway, in his official capacity. Plaintiff raises claims relating to the persistent-felony-offender (PFO) portion of his state-court criminal trial in 2001. He asserts that neither counsel, prosecuting or defense, nor the judge explained to him that in the absence of a recommendation by the jury, the trial court lacked authority to sentence him as a persistent felony offender. He also argues that the state courts failed to address his arguments regarding the PFO issue in his appeal and on his post-conviction motion. Plaintiff states that he has twice written to the Governor and the Attorney General of Kentucky seeking relief from his "false imprisonment," but to no avail. He asserts that the constitutional violations in his indictment and conviction caused "loss of family, loss of financial gain, loss of business, loss of property, economic damages, pain and suffering, prejudices incurred due to the Commonwealth's negligence and misconduct, false imprisonment which violated his due process

and equal protection rights, [and] embarrassment and mental distress." As relief, Plaintiff requests monetary and punitive damages and injunctive relief in the form of "immediate discharge."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claims relating to conviction and sentence*

Plaintiff's claims implicating the fact and/or duration of his confinement must be brought as claims for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or

2

duration of his confinement and seeks immediate or speedier release). Therefore, dismissal of these claims is appropriate. *See King v. Moyes*, No. 2:10-cv-234, 2010 WL 4705269, at *2 (W.D. Mich. Nov. 12, 2010); *see also Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement).

*Claims for damages*

Plaintiff's claims for monetary and punitive damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Moreover, Defendant in this suit is a state official sued in his official capacity. The claims brought against Defendant are deemed to be against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials

sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claims for money damages from this state officer in his official capacity fail to allege cognizable claims under § 1983. Moreover, Defendant is immune from monetary damages under the Eleventh Amendment. *See id.* The Court will, by separate Order, dismiss the claims for monetary relief pursuant to §§ 1915A(b)(1) and (b)(2).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date: December 30, 2013

                                               **Charles R. Simpson III, Senior Judge**
                                               **United States District Court**

cc:      Plaintiff, *pro se*
          Defendant
4411.009